UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN  DIVISION

_____

SUFFREN ANTOINE,

                    Plaintiff,                            Case No. 1:15-cv-340

v.                                           Honorable Robert Holmes Bell

UNKNOWN DEWAYNE et al.,

                    Defendants.

_____/

## <u>OPINION</u>

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against the six Michigan Department of Corrections facilities named as Defendants in the complaint.  The Court will serve the complaint against the remaining eighteen individual Defendants.

## Discussion

I.    Factual allegations

Plaintiff currently is incarcerated in the Gus Harrison Correctional Facility, but the events giving rise to his complaint also occurred at various other facilities within the Michigan Department of Corrections (MDOC). In his *pro se* complaint, Plaintiff sues the Richard A. Handlon Correctional Facility (MTU), the Gus Harrison Correctional Facility (ARF), Duane Waters Health Center, Woodland Center Correctional Facility (WCC), Ryan Road Correctional Facility (RRF), and the Charles Egeler Reception and Guidance Center (RGC). Plaintiff also sues eighteen employees of those facilities, including MTU Warden (Unknown) Dewayne; MTU Assistant Resident Unit Manager (Unknown) Woldhuis; MTU Sergeant (Unknown) Cooper; ARF Warden (Unknown) Klee; ARF Assistant Resident Unit Supervisor (Unknown) Woodard; ARF Business Manager (Unknown) Stewart; ARF School Teacher (Unknown) Seabarry; ARF Deputy Warden (Unknown) McRoberts; ARF Corrections Officers (Unknown) Faz, (Unknown) Jackson, (Unknown) Tenniswood, (Unknown) Thompson, (Unknown) Rhoades, and (Unknown) Bayes; WCC Psychiatrist (Unknown) Clark; WCC Physician (Unknown) Bennett; RRF Warden (Unknown) Romanowski; and RGC Warden (Unknown) Barrett.

Plaintiff alleges that Defendants violated his Eighth Amendment right against cruel and unusual punishment by intentionally placing him at risk of harm by other prisoners and failing to protect him. For example, Plaintiff alleges that Defendants Dewayne and Klee went over the loud speaker and told inmates to fight, rape or kill Plaintiff. (Compl., docket #1, Page ID#11.) Plaintiff also claims that Defendants Woldhuis, Faz, Jackson, Thompson, Woodard, Rhoades and Romanowski told other prisoners that Plaintiff was a homosexual, which caused Plaintiff to be

sexually harassed and physically assaulted by other prisoners.  In addition to telling other prisoners to fight Plaintiff, Plaintiff asserts that Defendants Bayes and Tenniswood intentionally deprived Plaintiff of use of the bathroom, which caused Plaintiff to urinate on himself.  Plaintiff further claims that Defendants Clark and Bennett caused him to be forcibly injected with psychotropic medications without a hearing in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff seeks monetary damages for his pain and suffering.  He also asks the Court to "grant a form of disciplinary punishment to those responsible for [his] abuse."  (Compl., docket #1, Page ID#35.)

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dept of Social Servs.*, 436 U.S. 658 (1978). MTU, ARF, WCC, RRF, RGC and the Duane Waters Health Center are administrative units of the MDOC. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claims against these Defendants are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama*

*v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).  Consequently, MTU, ARF, WCC, RRF, RGC and the Duane Waters Health Center are not subject to a section 1983 action.

To the extent Plaintiff intends to collectively sue all of the staff at those facilities, his action also fails.  As set forth above, a complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555.  With the exception of the individual Defendants named in this action, Plaintiff has failed to identify the staff members or specifically allege how each individual staff member violated his constitutional rights.  Such allegations fall far short of *Twombly*'s "fair notice" requirement.  Moreover, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555.  Plaintiff, therefore, fails to state a claim against the "staff" at the facilities named in this action.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to warrant service of the complaint upon the remaining eighteen named Defendants.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MTU, ARF, WCC, RRF, RGC and the Duane Waters Health Center will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against the remaining Defendants.

An Order consistent with this Opinion will be entered.


Dated: May 13, 2015                              /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE