UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SUFFREN ANTOINE, # 581263, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-340 |
| v. | ) ) | Honorable Robert Holmes Bell |
| DeWAYNE BURTON, et al., | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) ) | |

This is a civil rights action brought by a *pro se* by a former state prisoner under 42 U.S.C. § 1983. Plaintiff is currently a resident of Kentwood, Michigan (ECF No. 37), but he filed this lawsuit in 2015 while he was an inmate at the Gus Harrison Correctional Facility (ARF). His complaint arises out of conditions of his confinement from 2013 through 2015 at four Michigan prisons: ARF, Richard A. Handlon Correctional Facility (MTU), Charles Egeler Reception & Guidance Center (RGC), and Detroit Reentry Center[1] (DRC).

Plaintiff named sixteen employees of the Michigan Department of Corrections (MDOC) as defendants: MTU's Warden DeWayne Burton, Assistant Resident Supervisor (ARUS) Robert Woldhuis, Sergeant (Unknown) Cooper, ARF's Warden Paul Klee, ARUS John Woodward, State Administrative Manager Vaughn Stewart, Corrections Officer Alfredo Faz, School Teacher Ronald Seaberry, Corrections Officer

---

[1]DRC is located on Ryan Road in Detroit, Michigan. Plaintiff refers to this prison as the Ryan Road Correctional Facility.

Stephanie Jackson, Deputy Warden Lee McRoberts, Corrections Officer Mark Tenniswood, Corrections Officer Thomas Thompson, Corrections Officer Alan Roeder, Corrections Officer Richard Bayes, RGC's Community Health Service Manager Michael Barrett, and DRC's Warden Kenneth Romanowski. Plaintiff alleges that defendants violated his Eighth Amendment rights. Plaintiff sues all defendants' in their official capacities and seeks an award of damages. (Compl., ECF No. 1, PageID.4-10, 35).

## Discussion

Plaintiff sues defendants in their official capacities and seeks an award of damages. All plaintiff's claims are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to dismissal with prejudice of plaintiff's claims for monetary damages against them in their official capacities.

## Conclusion

For the reasons set forth herein, a judgment will enter dismissing all plaintiff's claims against defendants Burton, Woldhuis, Cooper, Klee, Woodward, Stewart, Faz, Seaberry, Jackson, McRoberts, Tenniswood, Thompson, Roeder, Bayes, Barrett, and Romanowski with prejudice because they are barred by Eleventh Amendment immunity.

Dated: March 29, 2016                              /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE